THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ÁNGEL ORTIZ GERENA, ETC., Defendant and Appellant.

No. 15553. Argued March 4, 1954.—Decided March 26, 1954.

A. *Cadilla Ginorio* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee. *Santos P. Amadeo* as *amicus curiae.*

MR. JUSTICE ORTIZ delivered the opinion of the Court.

José Ángel Ortiz Gerena was found guilty by the Superior Court, Arecibo Part, of a violation of § 1 of Act No. 24 of April 20, 1928, (Sess. Laws, p. 166) known as the Adulteration of Coffee Act, and was sentenced to serve three months in jail and to pay a fine of $300. Ortiz Gerena has appealed to this Court assigning the following five errors:

## ASSIGNMENT OF ERRORS

"First error: The lower court erred in refusing to dismiss the case because the information was based on sworn testimony taken before the prosecuting attorney, and not before a judge or magistrate; and because the defendant had been arrested by virtue of a warrant of a judge based on such sworn testimony taken before the prosecuting attorney and not before the judge.

"Second error: The lower court erred in refusing to continue the hearing of the case; and in ordering a separate trial for appellant.

"Third error: The lower court committed manifest error in weighing the evidence.

"Fourth error: The judgment rendered in this case is contrary to law and to the evidence introduced.

"Fifth error: The evidence introduced discloses a reasonable doubt in favor of the defendant-appellant; and the lower court erred in not giving defendant-appellant the benefit of the doubt, and refusing to acquit him."

Referring to the first error assigned it is convenient to state that at the hearing of the case and before introducing the evidence for the prosecution, the defendant moved for the dismissal of the information because the information states that it is based on the testimony of witnesses examined under oath before a prosecuting attorney of the Superior Court, who believes that there is just cause for filing such information in court. Defendant alleges that, pursuant to the provisions of § 10 of the Constitution of the Commonwealth of Puerto Rico, it should be set forth in the information that it is supported by oath taken before a judge, and that the latter has reached the conclusion that there is probable cause for the information. The Arecibo Court overruled defendant's motion.

The information filed in the instant case complies with the provisions of § 3 of our Code of Criminal Procedure which reads:

"Every offense of which the district court has original jurisdiction must be prosecuted by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn before him, or upon the testimony of witnesses taken before an examining magistrate, and that he solemnly believes that there is just cause for filing the information . . ."

Section 72 of the same Code provides, in part, that the information shall be signed by the prosecuting attorney and that he shall make an oath certifying that the information is based upon the sworn testimony of witnesses examined before him and that he believes "solemnly . . . that there is just cause for filing this information."

Appellants alleges that the afore-cited provisions of §§ 3 and 72 of the Code of Criminal Procedure are unconstitutional, because they are contrary to paragraph 3 of § 10 of Article II (Bill of Rights) of the Constitution of the Commonwealth which reads:

"No warrant for arrest or search and seizure shall issue except by judicial authority and only upon probable cause supported by oath or affirmation, and particularly describing the place to be searched and the persons to be arrested or the things to be seized."

According to its own terms, the constitutional provision quoted refers exclusively and expressly to arrests, searches and seizures. It requires previous judicial intervention and the previous determination by a judge as to the existence of a probable cause, only in connection with those three categories. It does not require the previous intervention of a judge in the making and filing of an information. The informations do not fall within the specific ambit of paragraph 3 of § 10 of Article II of our Constitution. There is no express conflict between the latter provision and the cited Sections of the Code of Criminal Procedure.

Appellant's attack on the constitutional sufficiency of the information can not succeed, unless it is clearly proved that the requirement of a previous determination by judicial authority as to the existence of a probable or just cause is also applicable to informations or complaints which give rise to criminal prosecutions, and that the constitutional clause in question is contrary to and destroys the validity and effectiveness of the aforesaid Sections of the Code of Criminal Procedure. We have found no justification whatsoever for such conclusion. At the outset we must adopt a general perspective as a rule of construction. The presence of a conflict between a constitution and a statutory provision must be proved with reasonable clarity. We have found nothing in our Constitution, nor in the reports, discussions and debates incidental to its approval, which give rise to the conclusion

that informations and complaints in criminal prosecutions were covered by paragraph 3 of § 10 of Article II of the Constitution. Contrariwise, great stress was laid on the purpose of avoiding arbitrary arrests or incarcerations by the mere order of the prosecuting attorney without the intervention of a judge. The chief concern referred to unjustified and capricious arrests which were not authorized by a judge, after a preliminary investigation. *People* v. *Superior Court*, 75 P.R.R. 501. But no concern was shown as to the filing of informations or complaints. It was considered that incarceration, that is, depriving a person of liberty, ought to be subject to a previous judicial intervention and ought to be scrutinized with judicial objectiveness. But probably, it might have been considered that such protections and precautions were unnecessary as regards the filing of informations or complaints since, even if they are based on the sole determination of a prosecuting attorney, there is always the guarantee of the subsequent judicial proceeding before a citizen is deprived of his liberty. Naturally, the filing itself of an unjustified information may impair the dignity and reputation of a person. But that was not the evil that the framers of the Constitution purported to avoid. The evil sought to be cured was arbitrary incarceration before commencement of a prosecution.

In the afore-cited case of *People* v. *Superior Court*, *supra*, we held that a judge is not authorized nor bound to issue automatically a bench warrant to the clerk against an accused on the mere filing of an information, and that, even after an information has been filed, the judge may only issue the desired warrant after he has evidence of the existence of probable cause. It is alleged that in our opinion in the afore-cited case after making a historical summary of the functions of the prosecuting attorney, we indicated that the purpose of our Constitution was to deprive the prosecuting attorneys of their powers as magistrates, and that, therefore, an information may not be based on the

opinion of the prosecuting attorney, acting as a magistrate, to the effect that there is probable cause for filing the information. What we indicated in the afore-cited case should be considered in the context of the opinion itself, that is, that a prosecuting attorney should not be considered as a magistrate for the purpose of issuing a bench warrant. When a prosecuting attorney signs and files an information, he is not acting as a magistrate.

The afore-cited case of *The People of Puerto Rico* v. *Superior Court*, is not contrary to the doctrine which we adopt in this opinion. On the contrary, in the opinion delivered in that case the following is stated:

". . . The prosecuting attorney shall submit to the magistrate evidence of probable cause of the commission of a public offense by oath or affirmation which might lead the magistrate to believe that defendant has committed the offense charged, a hearing being unnecessary in such case. *Cf. Guadalupe* v. *Bravo, Warden,* 71 P.R.R. 913. However, although the prosecuting attorney is at present without power to issue bench warrants or to fix and accept bails, he still has power to file informations if 'he solemnly believes there exists just cause for the filing of this information' —§§ 3, 72, 95 and 98 of the Code of Criminal Procedure—inasmuch as the constitutional provision under consideration does not purport to limit such power."

We concluded that it was not the constitutional intent to include in the provisions of paragraph 3 of § 10 of Article II of the Constitution the filing of informations or complaints and that, therefore, the procedure set forth in §§ 3 and 72 of the Code of Criminal Procedure, as that procedure has been challenged in the case at bar, is not unconstitutional. The first error assigned was not committed.

■ In some of the assignments appellant challenges the weighing of the evidence made by the trial court, and it also challenges the sufficiency of the evidence for the prosecution in order to link the defendant with the commission of the crime. We have thoroughly examined the transcript of evidence and have found that no error was committed in the

weighing of the evidence. The evidence, believed by the Arecibo Court, was sufficient to prove that defendant committed the offense charged in the information.

Nor did the trial court err in refusing to continue the case and in ordering a separate trial with respect to appellant although there was another defendant. Under the provisions of § 238 of the Code of Criminal Procedure as amended by Act No. 1 of November 10, 1950 (Spec. Sess. Laws, p. 310), the court had discretion to order a separate trial. No abuse of discretion was committed.

The judgment appealed from will be affirmed.